## Case No. 1,972.

### Ex parte BROWN.

[5 Cranch, C. C. 554.][1]

Circuit Court, District of Columbia. March Term, 1839.

ARMY—ENLISTMENT OF MINORS—DISCHARGE.

1. Minors may be enlisted in the marine corps, as musicians, with the assent of their fathers; and may be bound as apprentices to the drum-major, in behalf of the government.

[Cited, but not followed, in Re Doyle, 18 Fed. 371.]

2. If a minor, aged nineteen years, enlists for the term of four years, quaere. whether he is not entitled to his discharge at the age of twenty-one.

Habeas corpus, to Colonel Henderson, of the marine corps, to bring up the body of William Brown, with the cause of his detention, &c. The colonel returned, "as the the cause for the detention of the said William Brown, his enlistment in the United States marine corps, according to law, as will appear by the accompanying documents, which the undersigned makes part of his return."

The documents were: 1. An enlistment in the following form:

"I, William Brown, do acknowledge that I have voluntarily enlisted myself to serve four years in the marine corps of the United States, unless sooner discharged, upon the terms mentioned in the act passed the 11th day of July, 1798 [1 Stat. 594], entitled 'An act for establishing and organizing a marine corps;' and also the act passed the 2d day of March, 1833 [4 Stat. 647], entitled 'An act to improve the condition of the non-commissioned officers and privates of the army and marine corps of the United States, and to prevent desertion;' and that I have had read to me the rules and articles of the army and navy against mutiny and desertion.

"Witness my hand this 7th day of January, 1835.

his
"William X Brown.
mark

"In the presence of Jos. Cuvillier.

"I, William Brown, do solemnly swear or affirm, as the case may be, that I will bear true allegiance to the United States of America, and that I will serve them honestly and faithfully against all their enemies or opposers whatsoever, and observe and obey the orders of the president of the United States, and the orders of the officers appointed over me, according to the rules and articles for the government of the army and navy of the United States.

his
"William X Brown.
mark

"Sworn before me, at Washington City, this 7th day of January, 1835.

"Edward W. Clark, J. P."

[1] [Reported by Hon. William Cranch, Chief Judge.]

On the back of this enlistment was the "size-roll," which, among other things, stated the age of the recruit to be fifteen years, and says he is "a boy bound to learn music."

2. An indenture of apprenticeship, stating that William Brown, with the consent of his father, William Brown, had voluntarily "put himself apprentice to Drum-Major Joseph Cuvillier, in behalf of government, to learn music. art, trade, and mystery, and after the manner of an apprentice to serve him the said Joseph Cuvillier, or any appointed in his place, from the day of the date hereof, for and during and to the full end and term of six years next ensuing," with the usual covenants on the part of an apprentice. "And the said master shall use the utmost of his endeavors to teach, or cause to be taught or instructed the said apprentice, in the trade or mystery of a musician, and procure and provide for him sufficient meat, drink, clothing, washing, and lodging, fitting for an apprentice, during the said term of six years. He. shall be further taught to read, write, and cypher as far as the rule of three." This indenture is dated the 10th of January, 1835, three days after the enlistment, and was signed and sealed by the two Browns, father and son, and acknowledged before Edward W. Clark, justice of the peace.

3. The third document was a new enlistment of William Brown, on the 8th of January, 1839, for another term of four years. In the size-roll of which enlistment he is called a fifer, aged nineteen years. This enlistment extended two years beyond the time of his coming of age, and of course beyond the term of his apprenticeship.

R. J. Brent, for the prisoner, that the enlistment of the 7th of January, 1835, was illegal, because no law authorized the enlistment of minors in the marine corps, at that time. All the acts of congress respecting enlistments are applicable to the army alone; and the marine corps is attached to the navy only, and constitutes no part of the military establishment of the United States, unless detached for service with the army. The acts relied on in favor of the enlistment, were those of the 16th of March, 1802, § 11 (2 Stat. 132); 11th January, 1812, § 11 (Id. 671); 20th January, 1813, § 5 (Id. 791); and 10th December, 1814, § 3 (3 Stat. 146). None of these acts could affect the present case, because they were confined to enlistments in the army of the United States, of which the marine corps was not a part; and wholly under the secretary of the navy, and not under the secretary of war. But the objection to the second enlistment, under which the prisoner is now holden, stands on still stronger grounds. If the indenture signed by the father three days after the enlistment, can be considered as evidence of his consent "first had and obtained," to that enlistment, yet as the indenture was for six years only, and the second enlistment extended the term to eight years, the indenture

is no evidence of the father's consent first had and obtained to this second enlistment, extending two years beyond the apprenticeship. The indenture itself, not having been acknowledged before two justices of the peace, or the orphans' court, and recorded in that court, according to the act of Maryland, 1793, c. 45, § 4, creates no personal obligation upon the apprentice, who was a minor, and incapable of contracting any such obligation except in the manner prescribed by law. It could only bind the father, who would be liable for damages if his son did not perform the services required by the indenture. If it stood alone on this contract, Cuvillier would have no right to retain the prisoner against his will. This contract can only be used as evidence of the father's consent to his son's enlistment; but it is no evidence of such consent to the second enlistment, which extended two years beyond the term of the indenture. The acts of January 31, 1809, § 2 (2 Stat. 514), May 15, 1820 (3 Stat. 606), and March 2, 1837 (5 Stat. 153), apply only to the enlistment of boys for the navy, as seamen, not as mariners; and the last only authorizes the enlistment of such boys between the ages of thirteen and eighteen years, whereas this prisoner, at the time of his second enlistment, was nineteen years of age.

THE COURT intimated that although the term of enlistment was for four years, being two years more than the time for which the father had given his consent, yet it would be a question whether the prisoner ought not to be discharged at the expiration of six years from the date of the contract with Cuvillier. That they considered that contract as evidence of the father's consent that the son should be re-enlisted on the 8th of January, 1839, and that although the law required all enlistments to be for a term of four years, the second enlistment was binding for at least two years of the time. Upon the whole, THE COURT (CRANCH, Chief Judge, doubting, not having had time to examine the various acts of congress touching the subject) was of opinion that the enlistment was valid, and remanded the prisoner.

Key, for respondent.
Brent & Brent, for prisoner.[2]

---

[2] The acts of congress touching this subject of the enlistment of marines, are the following:

1775, November 10, vol. 1, Bior. Ed. Laws U. S. p. 620. Authorizing two battalions of marines to be raised; and that they be enlisted and commissioned to serve during the war.

1794, March 22, vol. 2, p. 384, c. 188. "An act to provide a naval armament." Section 4. A forty-four gun frigate to have fifty marines. Section 7. The pay of the seamen and marines to be fixed by the president. 1 Stat. 350.

1796, May 30, vol. 2, p. 556, c. 333; to fix the military establishment of the United States. Section 6. Enlistment of recruits between eighteen and forty-six years of age. 1 Stat. 483.

1797, July 1, vol. 3, p. 5, c. 7; "An act pro-

Upon a review of all the acts of congress respecting the enlisting of recruits, there seems to have been no special provision for the enlistment of marines. It seems to have been taken for granted that they would be enlisted in the same manner as recruits for the army are enlisted; and by the act of 1815, March 3 (3 Stat. 224), which is the last upon the subject, they are to be enlisted in the manner and under the limitations contained in the act of 1802, March 16th (2 Stat. 132), which by implication seems to admit that minors may be enlisted with the consent of their parents, guardians, or masters.

---

viding a naval armament." Section 1. Three frigates to be manned and employed. Section 2. Two lieutenants of marines, for a forty-four gun frigate. Section 4. Fifty marines. Section 6. Pay to be fixed by the president. Section 8. Officers, non-commissioned officers, seamen, and marines, to be governed by the rules for the regulation of the navy. Section 11. Marines, disabled entitled to pension. Section 12. Marines in revenue cutters. 1 Stat. 523.

1798, July 11, vol. 3, p. 95, c. 89; "for establishing and organizing a marine corps." Section 1. "That in addition to the present military establishment, there shall be raised and organized a corps of marines, which shall consist of one major, &c., and 720 privates, including the marines, who have been enlisted or authorized to be raised for the naval armament." Section 2. The president is authorized "to continue the enlistment of marines until the said corps shall be complete, and the enlistments which shall be made in virtue hereof, may be for the term of three years," &c. Section 4. They are to "take the same oath, and shall be governed by the same rules and articles of war as are prescribed for the military establishment of the United States, and by the rules for the regulation of the navy heretofore, or which shall be established by law, according to the nature of the service in which they shall be employed. Section 5. Marines who are, or shall be enlisted into the service of the United States, or into the army of the United States, are exempted from personal arrest for debt or contract. 1 Stat. 594.

1799, March 2, vol. 3, p. 267, c. 143. Augmenting the marine corps, by enlistment of 170 privates, &c. 1 Stat. 729.

1800, April 23, vol. 3, p. 351, c. 187; for the better government of the navy, art. 29. Entry of seamen on the ship's books; date of his enlistment, &c. 2 Stat. 45.

1802, March 16, vol. 3, p. 450, c. 269. Military peace establishment. Section 11. Enlistment in the artillery, infantry, and engineers. "No person under the age of twenty-one years, shall be enlisted by any officer, or held in the service of the United States, without the consent of his father, guardian, or master, first had and obtained, if any he have." 2 Stat. 132.

1809, January 31, vol. 4, p. 198, c. 182. "An additional naval force." Section 2. Boys to be employed in the navy for two years. 2 Stat. 514.

1809, March 3, vol. 4, p. 223, c. 204. Augmenting the marine corps, by enlistment of 594 privates, for five years. 2 Stat. 544.

1812, January 11, vol. 4, p. 369, c. 337. "To raise an additional military force." Section 11. The consent of parent must be in writing. 2 Stat. 671.

1813, January 20, vol. 4, p. 488, c. 477. Section 5. Same provision. 2 Stat. 791.

1814, December 10, vol. 4, p. 719, c. 692, for filling the ranks of the army. Section 1. Recruiting officers "authorized to enlist into the

## Case No. 1,973.

### In re BROWN et al.