## Case No. 16,650a.

### UNITED STATES ex rel. RUSH v. WATSON.

[2 Hayw. & H. 226.] [1]

Circuit Court, District of Columbia. Oct. Term, 1856.

NAVY—ENLISTMENT OF MINORS.

Under the act of congress of March 2, 1837, § 1 [5 Stat. 153], a minor of the age of 18 can enlist in the navy without the consent of his parents or guardian.

This was a habeas corpus issued by Judge Dunlop [on the application of John Rush], and directed to an officer [B. T. Watson], commanding him to have the body of John H. Rush before him on a certain day, at 12 o'clock m. The officer returned to the writ that he held Rush as a deserter from the ship Pennsylvania, and for no other cause. The enlistment of Rush was made under the 1st section of the act of congress approved March 2d, 1837.

Mr. Giberson, for petitioner, claimed his discharge upon the ground that the government had no right to enlist Rush under the act, not having the consent of his mother to enlist him for the term for which he was enlisted.

The act of congress authorizes the government to enlist boys not being under 13, nor over 18 years of age, with the consent of their parents or guardians, until 21 years of age, and to employ other persons for a term not exceeding 5 years.

Mr. Key, for the United States, maintained that the government had a right, by the words "other persons," to enlist boys under 13 or over 18 years of age without the consent of their parents or guardians; that the contract between Rush and the government was made when Rush was 18 years old, and was a valid contract.

MORSELL and MERRICK, Circuit Judges, were of this opinion, and DUNLOP, Chief Judge, dissented.

After hearing the counsel on both sides, the following order was thereupon issued: That the petitioner be remanded to the custody of B. T. Watson, subject to the order of the navy department, and that the writ of habeas corpus be quashed.