McLAUGHLIN (UNITED STATES v.). See Case No. 15,697.

---

## Case No. 8,876.

### In re McLAVE.

[8 Blatchf. 67;[1] 3 Alb. Law J. 75.]

Circuit Court, S. D. New York. Nov. 12, 1870.

NAVY — ENLISTMENT — MINORS — CONSENT OF FATHER—HABEAS CORPUS.

1. The statutes in regard to the enlistment of minors in the navy of the United States, reviewed.

2. Under section 1 of the act of March 2, 1837 (5 Stat. 153), it is unlawful to enlist boys for the navy, unless they are boys not under thirteen nor over eighteen years of age, and unless, when they are of that description, they enlist with the consent of their parents or guardians, and unless they enlist to serve until they arrive at the age of twenty-one years.

3. In this case, a person who, when he was eighteen years and five months old, enlisted in the navy for three years, without the consent of his father, who was then living, and took an oath, on enlistment, that he was twenty-two years of age, was discharged from such service, on habeas corpus, on the petition of his father, after one year and seven months of service, he himself declaring, on oath, that he desired to be discharged.

On habeas corpus.

Samuel B. Higenbotam, for petitioner.

Henry E. Davies, Jr., Asst. Dist. Atty., for the United States.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

BLATCHFORD, District Judge. One John McLave, who was born on the 20th of November, 1850, enlisted, on the 23d of April, 1869, being then eighteen years and five months old, in the naval service of the United States, for the term of three years, without the consent of his father, who was then living. On enlisting, he took an oath, that he was twenty-two years of age. On the 26th of October, 1870, the father presented a petition to this court, praying for the discharge of McLave from service, he being on board the United States vessel of war Guerriere, in the harbor of New York. The grounds urged for the discharge are, that the enlistment was invalid for want of the consent of the father, and that the laws of the United States do not authorize the enlistment of minors into its naval service, except minors above the age of thirteen years and under the age of eighteen years, to serve until they became twenty-one years of age, and for no longer or shorter term.

The first statute of the United States in which any provision appears in reference to the enlistment of boys in the navy, was the act of June 30, 1798 (1 Stat. 575), the 5th section of which provided, that the president might permit a proportion of boys for the vessels of the navy of the United States, according to the exigencies of the public service. The act of April 21, 1806 (2 Stat. 390), provided, in its 3d section, that the public armed vessels of the United States, in actual service, in time of peace, should be officered and manned as the president should direct, provided that the whole number of able seamen, ordinary seamen, and boys, should not exceed nine hundred and twenty-five. The act of March 3, 1807 (2 Stat. 443), authorized the president, in addition to the then existing naval peace establishment, to employ not exceeding five hundred able seamen, ordinary seamen and boys, should the exigency of the public service require the same. The act of January 31, 1809 (2 Stat. 514), in its 2d section, authorized the president, in addition to the number of petty officers, able seamen, ordinary seamen and boys then authorized by law, to cause to be employed three thousand six hundred able seamen, ordinary seamen and boys, who should be engaged to serve for a period not exceeding two years, subject to be discharged sooner, if, in the judgment of the president, their service might be dispensed with. The act of January 2, 1813 (2 Stat. 789), in its 4th section, spoke of boys as part of the crews of naval vessels. By the act of May 15, 1820 (3 Stat. 606), the 2d section of the act of January 31, 1809, was amended, so far as to authorize the enlistment of able seamen, ordinary seamen and boys during the continuance of the service or cruise for which they should be enlisted, not, however, to exceed the period of three years. In no one of these statutes was there any provision requiring the consent of parents or guardians

to the enlistment of boys. These statutes came before the circuit court in Massachusetts, for consideration, in the case of U. S. v. Bainbridge [Case No. 14,497], in 1816. Mr. Justice Story was of opinion that, by them, congress had authorized boys to be engaged in the service of the navy, without requiring the previous consent of their parents to the contract of enlistment, and that such contract, when fairly made with an infant of reasonable discretion, was binding to all intents and purposes. The district judge (Judge Davis) was of opinion that the consent, either expressed or implied, of the parent or guardian, where there was one, was necessary, to authorize the engagement of a minor in the naval service.

We come now to the last statute that has been passed in regard to enlistments in the navy. It is the 1st section of the act of March 2, 1837 (5 Stat. 153). The title of that act is, "An act to provide for the enlistment of boys for the naval service, and to extend the term of the enlistment of seamen." The 1st section of it is as follows: "It shall be lawful to enlist boys for the navy, with the consent of their parents or guardians, not being under thirteen nor over eighteen years of age, to serve until they shall arrive at the age of twenty-one years; and it shall be lawful to enlist other persons for the navy, to serve for a period not exceeding five years, unless sooner discharged by direction of the president of the United States; and so much of an act entitled 'An act to amend the act entitled "An act to amend the act authorizing the employment of an additional naval force,"' approved fifteenth May, one thousand eight hundred and twenty, as is inconsistent with the provisions of this act, shall be, and is hereby, repealed." This statute was considered by Attorney General Stanbery, in an opinion given by him to the secretary of the navy, in Gormley's Case, 12 Op. Atty. Gen. 258. He says: "The act of March 2, 1837, authorizes the enlistment of boys between the ages of thirteen and eighteen, with consent of their parents or guardians, to serve until twenty-one; but it also provides that other persons may be enlisted for a period not exceeding five years, unless sooner discharged. The latter clause of this act would seem to include minors above the age of eighteen, and extends the period for which they and other seamen may be enlisted; while the former clause of the act purports to take away the authority to enlist minors under that age, except with the consent of their parents or guardians. But this restriction in regard to the enlistment of minors under the age of eighteen, requiring the consent of their parents or guardians, necessarily implies that congress intended to dispense with such consent in the enlistment of minors above that age. It follows, therefore, that the enlistment of minors above the age of eighteen, as is the case in the army, seems to be valid without the consent of the parents or guardians." The argument urged against this construction of the act of 1837 is, that the first clause of the 1st section relates to "boys for the navy," and not merely to boys not under thirteen nor over eighteen years of age; that the second clause of that section relates to "other persons for the navy," that is, other persons than boys or male minors, and not other persons than boys or male minors not under thirteen nor over eighteen years of age; that, if the second clause, under the words, "other persons," includes male minors over the age of eighteen years, it must also include male minors under the age of thirteen years; and that such a construction as to minors under the age of thirteen years is against the spirit and intent of the act. This view of the statute necessarily makes unlawful the enlistment of boys over eighteen years of age, even with the consent of their parents or guardians. The other view would authorize the enlistment of boys under the age of thirteen years without the consent of their parents or guardians. But congress, in all the acts, prior to that of 1837, which authorized the employment of boys in the navy, made no restriction as to the age of the boy and required no consent of parent or guardian. The question as to the proper construction of the act of 1837 is a difficult one. But, on the whole, I think it is the better opinion, that it makes unlawful the enlistment of boys for the navy, unless they are boys not under thirteen nor over eighteen years of age, and unless, when they are of that description, they enlist with the consent of their parents or guardians, and unless they enlist to serve until they arrive at the age of twenty-one years. The words, "other persons," in the 1st section of the act, means, adult males. Congress, by the act, would seem to have adopted a new policy in regard to the enlistment of minors for the navy, namely, that of not allowing them to be enlisted of every age under majority, but of permitting them to be enlisted only at such age, above that of thirteen years, as will insure a service by them of at least three years before they shall become adults, and of requiring them to enlist to serve until they shall become adults, and of making the consent of their parents or guardians necessary, in view of the fact that the service is to continue during the entire remainder of their minority. An analogous policy appears in the 3d section of the act of June 12, 1858 (11 Stat. 318), which provides that "it shall be lawful to enlist boys in the United States marine corps, with the consent of their parents or guardians, not being under eleven nor over seventeen years of age, to serve until they shall arrive at the age of twenty-one years." Under that provision it was held, by the court of quarter sessions in Philadelphia, in the case of Com. v. Selfridge [7 Phila. 76, 81], that the enlistment of a minor under seventeen years

of age, in the marine corps of the United States, without the consent of his father, was void.

In the present case, the person enlisted was not enlisted on the idea entertained by the officers enlisting him that he was a minor, but on the understanding that he was an adult. The return to the writ of habeas corpus avers, that McLave was twenty-two years of age when he enlisted. The testimony of his parents shows that he was born on the 20th of November, 1850, and it is proved that he enlisted without the consent of his father. On his examination before the court, he testified that he desired to be discharged from the naval service. His enlistment having been unlawful, it was unlawful not only as against himself but as against the rights of his father, as his natural guardian; and his father, by virtue of such rights, is authorized to prosecute the writ for his discharge. In re Ferrens [Case No. 4,746]. Moreover, although the petition for the writ does not state that McLave desires to be discharged, yet, as he has declared on oath that he does desire to be discharged, he will be regarded, in this case, in view of his unlawful enlistment, as himself applying for his discharge.

I do not intend, by any thing I have said, to assent to the proposition, that congress cannot authorize the enlistment of minors in the service of the United States, without the consent of their parents or guardians.

An order will be entered directing the discharge of McLave.