## *In re* DOYLE.

*(District Court, S. D, New York.    November 7, 1883.)*

1. HABEAS CORPUS—MARINE CORPS—NAVAL SERVICE—ENLISTMENT OF MINORS —REV. ST. §§ 1608, 1418.
     The marine corps (Rev. St. c. 9, tit. 15) is part of the United States naval service, in which minors over 18 years of age may be enlisted, under sections 1608 and 1418, without the consent of their parents or guardians.
2. SAME—REV. ST. § 1117.
     The restrictions of section 1117 apply only to enlistments in "The Army," under title 14.

*Habeas Corpus.*

*H. A. Sperry,* for petitioner.

*Asa Bird Gardner,* for respondent.

BROWN, J.    The petition for *habeas corpus* presented by John Doyle states that his son John J. Doyle is restrained of his liberty in the marine corps on the United States steam-ship Vandalia, and that his son enlisted, without the consent of his parents, in the marine corps in August, 1882, then being a minor under the age of 21 years. From the further affidavit of the father, made part of the petition by consent, it appears that his son was born on the twenty-eighth of March, 1863.    The return by the commandant of the detachment of marines on the Vandalia sets forth that the said John J. Doyle is a corporal, and was duly enlisted into the marine corps of the naval service of the United States on August 22, 1882, and that he then declared that he was born March 28, 1860.    The truth of the affidavit of the father being admitted by the parties, it appears that Doyle, at the time of the enlistment, was between 19 and 20 years of age.

The ground of discharge relied on is that the marine corps belongs to the military service and not to the navy.    Section 1117 of the Revised Statutes prohibits the enlistment of any person under 21 into the *military service* of the United States without the written consent of his parents or guardians.    Section 1608 provides that "enlistment into the marine corps shall be for a period of not less than five years."    Section 1419, as amended by the act of May 12, 1879, provides that "minors between the ages of 15 and 18 years shall not be enlisted for the naval service without the consent of their parents or guardians."    Section 1418, as amended by that act, pro-

vides that "boys between the ages of 15 and 18 years may be enlisted to serve in the navy until they shall arrive at the age of 21 years; other persons may be enlisted to serve for a period not exceeding five years, unless sooner discharged by the direction of the president." Section 1420 provides that "no minor under the age of 15 years, no insane or intoxicated person, and no deserter from the naval or military service of the United States, shall be enlisted in the naval service;" and section 1624, art. 19, provides for the punishment by court martial of any officer violating the provisions last quoted.

If the marine corps is part of the military service of the United States, then, plainly, Corporal Doyle is entitled to be discharged, under section 1117, above quoted, upon the petition of his father. The marine corps occupies a position intermediate in some respects between the army and the navy. Section 1619 provides that it "shall be liable to do duty in the forts and garrisons of the United States, on the sea-coast, or any other duty on shore, as the president, at his discretion, may direct." Section 1621 declares that it "shall at all times be subject to the laws and regulations established for the government of the navy, except when detached for service with the army by order of the president." By section 1616 "marines may be detached for service on board the armed vessels of the United States," and Corporal Doyle is now, accordingly, on service on board the Vandalia. By section 1620 "the president is authorized to prescribe such military regulations for the discipline of the marine corps as he may deem expedient."

The marine corps would thus seem to be to some extent an independent organization. There are several sections of the Revised Statutes which refer to it distinctively apart from the naval service. See sections 1551, 1596, 1600, 1609, 1612, 1617.

Notwithstanding this intermediate character of the marine corps, and these several provisions allying it in several respects with the military service, I am satisfied that it is properly classed with, and is a part of, the naval service of the United States. The question was discussed and so determined by Atty. Gen. William Wirt in 1820, (see 1 Op. Attys. Gen. 381,) and this opinion has been since repeatedly followed. Op. Attys. Gen. vol. 11, p. 100; vol. 10, pp. 118, 129; In re Bailey, 2 Taney, 200.

In various acts of congress making appropriations, the marines are frequently referred to as a part of the naval service, and are sometimes described as "marines of the United States navy." See 10 St. at Large, p. 100, c. 109, § 1; 22 St. at Large, c. 97, pp. 472, 479; c. 141, p. 589; c. 391, p. 284.

In the case of Wilkes v. Dinsman, 7 How. 89, the court say, (page 124:)

"Though marines are not, in some sense, 'seamen,' and their duties are in some respects different, yet they are, while employed on board public vessels, persons in the naval service, persons subject to the orders of naval officers,

persons under the government of the Naval Code as to punishment, and persons amenable to the navy department. Their very name of 'marines' indicates the place and nature of their duties generally. And besides the analogies of their duties in other countries, their first creation here to serve on board ship expressly declared them to be a part 'of the crews of each of said ships.' Act of March 27, 1794, (1 St. at Large, 550, § 4.) Their pay was also to be fixed in the same way as that of the seamen. Section 6, p. 351. So it was again by the act of April 27, 1798, (1 St. at Large, 552,) and they have ever since been associated with the navy, except when specially detailed by the president for service in the army. See Act of Congress, July 11, 1798, (1 St. at Large, 595, 596.) Thus paid, thus serving, and thus governed like and with the navy, it is certainly no forced construction to consider them as embraced in the spirit of the act of 1837, by the description of persons 'enlisted for the navy.'"

In the Revision of the Statutes the marine corps is provided for by chapter 9 of title 15, which is entitled "The Navy," while "The Army" is the subject of title 14. These considerations, together with the express provision of section 1621, above quoted, that "the marine corps shall at all times be subject to the laws and regulations established for the government of the navy, except when detached for service with the army by order of the president," seem to me conclusive that the regulations concerning enlistments in the army under section 1117 of title 14 do not apply to enlistments in the marine corps. The restrictions of section 1117 apply only to those enlistments in the army for which title 14 provides. Enlistments in the marine corps are separately provided for by section 1608 as a branch of the naval service. The enlistment of minors in the naval service is lawful, and cannot be set aside at the instance of their parents, except in so far as such enlistments are forbidden by congress. *U. S.* v. *Bainbridge*, 1 Mason, 71; *In re Roberts*, 2 Hall, Law J. 192; *Com.* v. *Barker*, 5 Bin. 423; *Ex parte Browne*, 5 Cranch, C. C. 554. The limitations of sections 1418, 1419, undoubtedly apply to enlistments in the marine corps under section 1608; but these limitations do not aid the petitioner in this case, since the only restraint is in regard to enlistment of persons under the age of 18 years, while Corporal Doyle, in the present case, was between 19 and 20 at the time of his enlistment.

I am of opinion, therefore, that the provisions of section 1117, pertaining to enlistments in the military service, do not apply to enlistments in the marine corps, and that the *habeas corpus* should therefore be dismissed.