In re NORTON.

(District Court, N. D. California. December 23, 1899.)

No. 11,980.

NAVY—ENLISTMENT OF MINORS—NECESSITY OF PARENTS' CONSENT.
Under Rev. St. §§ 1418, 1419, 1624, relating to enlistments in the navy, which prohibit the enlistment of boys under the age of 16, but permit the enlistment of boys between the ages of 16 and 18, until they shall arrive at the age of 21, with the consent of their parents or guardian, and provide for the enlistment of "other persons" for terms not exceeding five years, the consent of the parents or guardian of a minor over the age of 18 is not essential to his valid enlistment, and he cannot be discharged from such enlistment by a court on a writ of habeas corpus, at suit of his parents or guardian.

This was a proceeding by habeas corpus to secure the discharge of Eugene L. Norton from an enlistment in the navy of the United States.

Bert Schlesinger, for petitioner.
Frank L. Coombs, U. S. Atty.

DE HAVEN, District Judge. The facts of this case are not in dispute. Eugene L. Norton, a minor of the age of 19 years, enlisted in the United States navy on July 25, 1899, without the consent of his parents. The mother seeks by this proceeding to secure his discharge from such enlistment, and for a judgment that he be returned to her custody and control.

Congress is given power, by section 8 of article 1 of the constitution, "to provide and maintain a navy." Under this grant of power, that body has the right to declare what class of persons shall be permitted to enlist in the navy, and may provide by law for the enlistment of minors therein, without the consent of parents or guardians. U. S. v. Bainbridge, 1 Mason, 71, Fed. Cas. No. 14,497; U. S. v. Stewart, Crabbe, 265, Fed. Cas. No. 16,400; Com. v. Downes, 24 Pick. 227. The present inquiry must therefore be confined to a consideration of the question whether the enlistment in the navy of a minor of the age of 19 years, without the consent of his parents or guardian, is a valid enlistment, under the laws of the United States. If the enlistment of a minor of that age is not in violation of some law of the United States, it is clear the court cannot declare that compulsory service in the navy in pursuance thereof is an unlawful restraint of the liberty of such minor. The particular sections of the Revised Statutes of the United States applicable to the case are as follows:

"Sec. 1418. Boys between the ages of sixteen and eighteen years may be enlisted to serve in the navy until they shall arrive at the age of twenty-one years; other persons may be enlisted to serve for a period not exceeding five years, unless sooner discharged by direction of the president.

"Sec. 1419. Minors between the age of sixteen and eighteen years shall not be enlisted for the naval service without the consent of their parents or guardians."

"Sec. 1624. Any officer who knowingly enlists into the naval service any deserter from the naval or military service of the United States, or any insane or intoxicated person, or any minor between the ages of sixteen and eighteen years, without the consent of his parents or guardian, or any minor under the age of sixteen years, shall be dishonorably dismissed from the service of the United States."

The obvious construction of these sections is that minors over the age of 18 years may lawfully enlist in the United States navy without the consent of their parents or guardians. The express provisions that minors between the ages of 16 and 18 years shall not be enlisted in the naval service without the consent of their parents or guardians, and that "other persons" may be enlisted, and the further provision making it an offense in any officer of the navy to knowingly enlist a minor between the ages of 16 and 18 years without such consent, is sufficient to show that the consent of his parent or guardian is not essential to the valid enlistment of a minor over the age of 18 years. This conclusion is in accordance with the maxim of interpretation that, when a statute expressly provides a rule for one particular class of persons or cases, the rule is not to be applied to any other class of persons or things which might have been, but were not, expressly included therein.

In the enactment of the sections above quoted, congress evidently intended that minors between the ages of 16 and 18 years should

constitute a distinct class, who cannot be lawfully enlisted in the navy without the consent of their parents or guardians, but that other infants, who have reached years of reasonable discretion,—and this would include minors between the ages of 18 and 21,—may be enlisted without such consent. This view is opposed to the cases of In re McNulty, 2 Low. 270, Fed. Cas. No. 8,917; In re McLave, 8 Blatchf. 67, Fed. Cas. No. 8,876; and In re Hayes, Fed. Cas. No. 6,261a,—but is fully sustained by the following: In re Doyle (D. C.) 18 Fed. 369; U. S. v. Watson, 2 Hayw. & H. 226, Fed. Cas. No. 16,650a; U. S. v. Bainbridge, 1 Mason, 71, Fed. Cas. No. 14,497. See, also, Gormley's Case, 12 Op. Attys. Gen. U. S. 258; Id., 21 Op. Attys. Gen. U. S. 327.

It is ordered that the writ be discharged, and the minor remanded to the custody whence he was taken.