## THOMAS v. WINNE.

### (Circuit Court of Appeals, Fourth Circuit. May 14, 1903.)

### No. 489.

1. HABEAS CORPUS—DISCHARGE OF NAVAL RECRUIT—INTOXICATION AT ENLISTMENT—ISSUE.

Where a petition for habeas corpus alleges that the petitioner is the father of the person whose release is sought, and that such person, being between the ages of 18 and 21, entered into the United States navy without the parent's consent, and is himself desirous of being released therefrom, and that, "under the statutes of the United States in such case made and provided, the entrance and enlistment" of such person "was illegal and invalid," no issue as to the intoxication of the recruit at the time of enlistment is presented, especially in view of Rev. St. art. 19, § 1624 [U. S. Comp. St. 1901, p. 1110], requiring the dishonorable dismissal of an officer who knowingly enlists an intoxicated person.

2. SAME—ADMISSION OF IRRELEVANT EVIDENCE—EFFECT ON APPEAL.

Where, in habeas corpus for the discharge of a naval recruit, no issue as to his intoxication at the time of enlistment is presented by the plead-

ings, the fact that the recruit was permitted, apparently without objection, to testify to such intoxication, does not constrain the court, on appeal, to review the latter question.

8. SAME—RECRUITS BETWEEN 18 AND 21—RIGHT TO ENLIST.
   Rev.° St. § 1418 [U. S. Comp. St. 1901, p. 1007], provides that boys between the ages of 14 and 18 may be enlisted to serve in the navy until they shall reach 21; other persons may be enlisted to serve for a period not exceeding five years, etc. Section 1419 provides that minors between 14 and 18 shall not be enlisted without the consent of their parents or guardians. Section 1420 [U. S. Comp. St. 1901, p. 1008] provides that no minor under the age of 14 shall be enlisted. Act March 3, 1899, 30 Stat. 1008, c. 413 [U. S. Comp. St. 1901, p. 1008], makes the term of enlistment for all persons 4 years. *Held*, that a minor between the ages of 18 and 21 may be enlisted without the consent of parents or guardian; being included in the term "other persons" in section 1418.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk.

L. L. Lewis, U. S. Atty., for appellant.
Withers & Green, for appellee.

Before SIMONTON, Circuit Judge, and MORRIS and KELLER, District Judges.

KELLER, District Judge. This case comes up on appeal from an order of the District Court of the United States for the Eastern District of Virginia, entered at Norfolk on the 7th day of February, 1903, discharging on habeas corpus from the custody of the appellant, Charles M. Thomas, commanding officer of the receiving ship Franklin, at the Norfolk Navy Yard, one Chester A. Winne. The material allegations of the petition are that petitioner is the father of said Chester A. Winne; that on November 21, 1902, his said son, who was born October 10, 1882, and was consequently, on said first-mentioned date, above the age of 18 and under the age of 21 years, entered into the navy of the United States without the consent of the said petitioner, his father, or of Addie Winne, his mother; that the said Chester A. Winne is himself desirous of being released from the navy; that, "under the statutes of the United States, in such case made and provided, the entrance and enlistment of the said Chester A. Winne in the navy aforesaid was illegal and invalid, and against not only the rights of the said Chester A. Winne, but of those of your petitioner." Upon the hearing the allegations of the petition as to the age of Chester A. Winne, and his enlistment in the navy without the consent of the petitioner or his wife, were fully established, and it was shown that the said Chester A. Winne now desires his release from the naval service. It also appears from the record that the recruit, Chester A. Winne, was permitted, apparently without objection, to testify that "at the time of his enlistment he and several companions had been in the city of Albany; that they had been drinking ["on a lark"], and that one of them suggested that they go up and enlist in the navy, and that they all went up to an office; and that he did not know what he was doing. He further testified that when he made the statement as to his age he believed that was his actual age, and the statement was not made with

¶ 3. See Army and Navy, vol. 4, Cent. Dig. § 46.

intent to deceive." The return to the writ shows that at the time of his enlistment he stated under oath that he was 21 years and 2 months old, and the return is not traversed.

The following seem to be the important questions presenting themselves to this court for decision: · (1) What were the issues presented by the pleadings before the District Court, and did they include the issue of intoxication at the time of enlistment? (2) The court below having admitted, without objection, the testimony of the recruit bearing upon the question of intoxication, is this court concluded by such admitted testimony, and will the case be considered as though that issue had been specifically raised by the petitioner? And (3) if this court is not so concluded, do the pleadings, and legitimate proofs thereunder, warrant the discharge of the recruit, Chester A. Winne?

It seems to us to be clear from the petition and return in this case that the only issues presented by the pleadings in this case, to wit, the petition and return, are, first, the age of the recruit at the time of enlistment; and, second, the naked question of law, whether, assuming all the facts alleged in the petition to be true, the detention of the recruit was illegal.

It is contended on behalf of the appellee that the petition is broad enough in its allegations to allow the admission of testimony as to intoxication, and the consideration of that question, and that the charge contained in the petition, that, "under the statutes of the United States in such case made and provided, the entrance and enlistment of the said Chester A. Winne in the navy aforesaid was illegal and invalid," was sufficient to justify the admission of evidence of his intoxication when enlisted. To state such a proposition clearly is, it seems to us, to refute it. The case made by the petition, in its direct allegation of facts, is that Winne was less than 21 years of age when he enlisted, and did not have his parents' consent, and hence the conclusion that under the statutes of the United States his enlistment was invalid. Now, by the proof, it was sought to make, without notice to the respondent, another and a different case, in addition to the one presented. Suppose the petition had simply shown that Winne, when enlisted, was, as he had stated in his enlistment papers, 21 years and 2 months old, and then averred that his enlistment, under the laws of the United States, was illegal and invalid; could it be contended that the petition, so framed, stated a case under which evidence of his intoxication when enlisted might be adduced? To ask this question is to answer it negatively. And we cannot see that the fact that one cause for the issuance of the writ was affirmatively stated in the petition can have the effect of broadening it as to other and different causes for its issuance, or render evidence as to other causes any more admissible than if no cause for the issuance of the writ had been affirmatively stated. In Kohl v. Lehlback, 160 U. S. 293, 16 Sup. Ct. 304, 40 L. Ed. 432—a habeas corpus case—it is said in the syllabus:

"General allegations that the petitioner is detained in violation of the Constitution and laws of the United States or of the particular state, and is held without due process of law, are averments of conclusions of law, and not of matters of fact."

This authority, we think, is conclusive upon this point.

We do not think that the issue of intoxication at the time of enlistment was, even by implication, raised by the pleadings in this case. By article 19 of section 1624 of the Revised Statutes [U. S. Comp. St. 1901, p. 1110], for the government of the navy, it is enacted that any officer who knowingly enlists into the naval service any intoxicated person shall be dishonorably dismissed from the service. This makes the action of the officer who enlists an intoxicated person an offense punishable by a most severe penalty. It is not in accordance with a common fairness that an issue of fact so serious in its character should be tried at a long distance from the place where committed, and after the elapse of considerable time, without being distinctly put in issue.

Coming now to the second question for decision, we hold that this court is not concluded by the admission by the District Court, without objection, of evidence tending to establish the intoxication of the recruit at the time of enlistment. The proceeding in this case is by appeal, bringing up the whole record; and in such cases it was early held by the Supreme Court of the United States that the decree must conform to the allegations in the pleadings, as well as to the proofs in the cause, and that testimony upon a point not distinctly put in issue by the pleadings will be disregarded in the appellate court. Crocket v. Lee, 7 Wheat. 522, 5 L. Ed. 513 (syllabus). In that case Chief Justice Marshall, delivering the opinion of the court, said:

"The principle advanced by the appellants' counsel cannot be controverted. No rule is better settled than that the decree must conform to the allegations as well as to the proofs in the cause. * * * The counsel for the appellant [appellee?] says it would be monstrous, if, after the parties have gone to trial on the validity of the entry, and have directed all their testimony in the circuit court to that point, their rights should be made to depend in the appellate court on a mere defect in the pleadings, which had entirely escaped their observation in the court where it might have been amended, and the nonexistence of which would not have varied the case. The hardships of a particular case would not justify this tribunal in prostrating the fundamental rules of a court of chancery—rules which have been established for ages on the soundest and clearest principles of general utility. If the pleadings in the cause were to give no notice to the parties or to the court of the material facts on which the right asserted was to depend; no notice of the points to which the testimony was to be directed, and to which it was to be limited; if a new case might be made out in proof, differing from that stated in the pleadings—all will perceive the confusion and uncertainty which would attend legal proceedings, and the injustice which must frequently take place. The rule that the decree must conform to the allegations as well as to the proofs of the parties is not only one which justice requires, but one which necessity imposes on courts. We cannot dispense with it in this case."

This case has been cited and followed in a number of cases collected in 2 Rose, Notes on U. S. Reports, p. 142, and particularly in Singleton v. Scott, 11 Iowa, 596, where it was held that evidence improperly admitted should not be considered by the appellate court, even if there be no objection. Approved in Wiggins Ferry Co. v. O. & M. Ry. Co., 142 U. S. 413, 12 Sup. Ct. 188, 35 L. Ed. 1055.

An examination of the Crocket Case will disclose that both parties directed their testimony to the point in question, and that the court below based its decree entirely upon its finding upon that point. In

these two particulars that case was a much stronger case for the consideration of the admitted testimony in the appellate court than is the present: First, because neither party was at a disadvantage in respect to being precluded from producing testimony upon the point disputed, but not raised by the pleadings; and, second, because it affirmatively appeared that the court based its decree entirely upon the evidence thus mutually adduced. But in the case at bar, the hearing being a summary one, it does not appear that the appellant had any reasonable opportunity to controvert the testimony tending to show intoxication at the time of enlistment; nor does it appear in any way from the record that the court based its judgment upon that evidence.

Counsel for appellant also cites a number of cases from the Supreme Court of Virginia to the effect that a recovery will not be allowed upon a case differing materially from that made by the pleadings. Smith v. Nicholas, 8 Leigh, 354; Brown v. Toell, 5 Rand. 543, 16 Am. Dec. 759; Thompson v. Jackson, 3 Rand. 504, 15 Am. Dec. 721; Hunter v. Jett, 4 Rand. 104; Potomac M. Co. v. Evans, 84 Va. 717, 6 S. E. 2.

Having held that the case presented by the pleadings does not raise the question of the intoxication of Chester A. Winne at the time of his enlistment, and that this court will not consider any evidence upon a material issue not raised by the pleadings, it only remains to be determined whether a case for relief is presented by the petition and the proofs properly applicable to the allegations thereof.

The statutes of the United States governing the question of enlistment in the naval service are sections 1418, 1419, 1420, Rev. St., as the same have been amended or modified by the following legislation: Act March 3, 1865, 13 Stat. 490, c. 79; Act May 12, 1879, 21 Stat. 3, c. 5; Act Feb. 23, 1881, 21 Stat. 331, c. 73; and Act March 3, 1899, 30 Stat. 1008, c. 413 [U. S. Comp. St. 1901, pp. 1007, 1008]. The three sections of the Revised Statutes above alluded to read as follows:

"Sec. 1418. Boys between the ages of fourteen and eighteen years may be enlisted to serve in the navy until they shall arrive at the age of twenty-one years; other persons may be enlisted to serve for a period not exceeding five years,[1] unless sooner discharged by direction of the President.

"Sec. 1419. Minors between the ages of fourteen and eighteen years shall not be enlisted for the naval service without the consent of their parents or guardians.

"Sec. 1420. No minor under the age of fourteen years, no insane or intoxicated person, and no deserter from the naval or military service of the United States shall be enlisted in the naval service."

The first two sections quoted were found in Act March 2, 1837, 5 Stat. 153, c. 21, except that the minimum age therein specified was 13 years, and has been successively placed at 16, 15, and 14 years, where it now stands. Section 1420 had its expressed origin in the act of March 3, 1865; nothing having theretofore appeared in the laws of the United States expressly prohibiting the enlistment of minors

---

[1] All persons now enlisted for the term of four years. Act March 3, 1899, 30 Stat. 1008, c. 413 [U. S. Comp. St. 1901, p. 1008]. Revised Statutes not amended in terms by this act.

under. the minimum age expressed in the two preceding sections of the Revised Statutes. It is now contended by the appellee that "only boys between the ages of fourteen and eighteen years can enlist, and that it is necessary that they have the consent of their parents ·or guardians"; that, "after passing the age of eighteen years, no enlistment of a minor can be made"; and that the words "other persons," as used in Rev. St. § 1418, refer to adults, and not to boys or minors any more than they do to women. Appellee cites the case In re McLave, Fed. Cas. No. 8,876, 8 Blatchf. 67, where Judge (afterward Mr. Justice) Blatchford decided in accordance with the contentions of the appellee. In his opinion in this case, Judge Blatchford reviews the opinion of Attorney General Stanbery, given in Gormley's Case, 12 Ops. Attys. Gen. 258, wherein the Attorney General took the view that the term "other persons," as it appeared in the first section of the act of March 2, 1837 (now section 1418, Rev. St.), included minors above the age of 18 years. Judge Blatchford held otherwise, saying that "if the second clause, under the words, 'other persons,' includes male minors over the age of eighteen years, it must also include male minors under the age of thirteen years, and that such a construction as to minors under the age of thirteen years is against the spirit and intent of the act." He decided in accordance with this reasoning. Without undertaking at all to criticise the ruling of Judge Blatchford in that case, it is sufficient to point out that he held that the enlistment of male minors over 18 years of age was unlawful, and that the words "other persons" referred to adult males, because, in his view, to hold otherwise would necessarily require him to also hold that boys under the age of 13 years might be enlisted without the consent of their parents or guardians—a conclusion opposed, as he says, to "the spirit and intent of the act." But at the time he decided this case there was no statute equivalent to section 1420, Rev. St. If, at the time Judge Blatchford decided the McLave Case, there had been in existence a statute expressly stating, "No minor under the age of thirteen years * * * shall be enlisted in the naval service," is it a supposable case that he would have decided the McLave Case as he did? We think not. But however this may be, the state of the law is distinctly different, at least as to its expressed terms, than its was when the McLave Case was decided, and that case furnishes no proper precedent for the decision of this. We find the will of the legislature, as expressed in the three sections of the Revised Statutes and the act of March 3, 1899, to be that no minor under the age of 14 years shall be enlisted in the naval service; that boys between the ages of 14 and 18 years may, with the consent of their parents or guardians, be enlisted, and, without such consent, may not be enlisted; that other persons may be enlisted to serve in the navy; and that all enlistments shall be for a period of four years. We think that the maxim, "Expressio unius exclusio alterius," distinctly applies in this case, and that, when the Congress enacted that "no minor under the age of 14 years shall be enlisted in the naval service," that "minors between the ages of 14 and 18 years of age shall not be enlisted for the naval service without the consent of their parents or guardians,"

and that "other persons may be enlisted," they affirmatively authorized the enlistment of male minors over the age of 18 years without the consent of parent or guardian. In section 1420 the expression of the legislative intent to the effect that minors under the age of 14 years shall not be enlisted excludes the idea that male persons over that age are under a like prohibition. In section 1419 the expression of the legislative intent that minors between the ages of 14 and 18 years shall have the consent of parents or guardians, as a condition precedent to valid enlistment, excludes the idea that other persons competent to enlist shall be required to conform to that precedent condition; and, reading all the statutes together, we think the conclusion is apparent that the Congress intended to leave male minors over the age of 18 years free to enlist in the naval service, without condition as to parental or guardianship consent. In Com. v. Gamble, 11 Serg. & R. 93, decided by the Supreme Court of Pennsylvania in 1824, where the enlistment of a minor in the marine corps was held to be valid, Gibson, C. J., rested the decision upon the ground of public policy, which requires that a minor be at liberty to enter into a contract to serve the state whenever such contract is not forbidden by the state itself. This, he says, is the common law of England. While we believe this to be broad and tenable ground upon which to rest a decision upholding the validity of such an enlistment, we are not forced to base our decision upon such ground, as we hold that the Congress has expressed the intention to permit unconditionally the enlistment of male minors over the age of 18 years. As sustaining this view under the present law, we cite In re Doyle (D. C.) 18 Fed. 369; In re Norton (D. C.) 98 Fed. 606.

The judgment of the court is that this case be reversed, and remanded to the District Court of the United States for the Eastern District of Virginia, with instructions to remand the said Chester A. Winne to the custody of the appellant. An order may go to that effect. Reversed.