### McCALLA et al. v. FACER.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1906.)

No. 1,230.

1. NAVY—ENLISTMENT OF MINORS—NECESSITY OF CONSENT OF PARENTS OR GUARDIAN.

Under the statutes prescribing qualifications for enlistment in the navy (Rev. St. §§ 1418, 1419 [U. S. Comp. St. 1901, p. 1007] and Act March 3, 1899, c. 413, 30 Stat. 1008), which provide that all enlistments shall be for four years, that boys between the ages of 14 to 18 years may be enlisted with the consent of their parents or guardian, but not otherwise, that no minor under the age of 14 years shall be enlisted, and that "other persons" may be enlisted, the consent of parents or guardian is not essential to the valid enlistment of a minor over 18 years of age.

[Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Army and Navy, § 46.]

2. ARMY AND NAVY—MARINE CORPS—ENLISTMENT OF MINORS.

The marine corps of the United States is not a part of the navy, and enlistments therein are not governed by the statutes relating to enlistments in the navy, but by regulations prescribed by the Secretary of the Navy, under whose government and control such corps is primarily placed; and such officer, having prescribed in the published regulations of his department that "the regulations for the recruiting service of the army shall be applied to the recruiting service of the marine corps, as far as practicable," the enlistment of minors therein is governed by the statutory provisions relating to army enlistments, and no person under the age of 21 years can lawfully enlist without the consent of his parents or guardians, as required by Rev. St. § 1117 [U. S. Comp. St. 1901, p. 813].

[Ed. Note—For cases in point, see vol. 4, Cent. Dig. Army and Navy, § 46.]

Appeal from the Circuit Court of the United States for the Northern District of California.

Robert T. Devlin, U. S. Atty., and Alfred P. Black, Asst. U. S. Atty., for appellants.

T. J. Crowley, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge.. On March 18, 1905, the appellee, being then a little more than 20 years of age, enlisted in the marine corps of the United States at Chicago, Ill. He enlisted without the consent of his parents, both of whom are living, and no guardian had been appointed over him. He enlisted in response to a printed and posted notice stating that the United States desired to enlist for the marine corps men between 21 and 35 years of age, and that no minors or married men would be accepted. He falsely made affidavit that he was over 21 years of age. His father sued out a writ of habeas corpus, which was heard before the Honorable W. W. Morrow, circuit judge of the Ninth circuit, whereupon, by order of the said circuit judge, the appellee was discharged from the custody of the appellants and from his enlistment in the United States Marine Corps.

The principal argument on the appeal is directed to the question whether the appellee was enlisted under the law regulating enlistment in the army, or the law regulating enlistment in the navy. Enlistment in the army is governed by section 1117 of the Revised Statutes [U. S. Comp. St. 1901, p. 813], and it is conceded that the enlistment of the appellee, if made under that statute, was voidable at the instance of his father. . The law prescribing the qualifications for enlistment in the navy, as amended by Act March 3, 1899, c. 413, 30 Stat. 1008, provides that no minor under the age of 14 years shall be enlisted in the naval service; that boys between the ages of 14 and 18 years may, with the consent of their guardians, be enlisted, and without that consent may not be enlisted; that other persons may be enlisted to serve in the navy; and that all enlistments shall be for a period of four years. If the appellee was enlisted under this statute, we find no room for doubt that his enlistment was legal, notwithstanding that it was without the consent of his parents or guardian. It is true that in the recent case of Ex parte Houghton (C. C.) 129 Fed. 239, the district judge for the District of Maine held that, under the laws of the United States, a minor cannot lawfully be enlisted in any branch of the military or naval service without the consent of his parents. This decision was based on the case of McNulty and Clement, 2 Low. 270, Fed. Cas. No. 8,917, decided in 1873, in which Judge Lowell, while admitting that an enlistment in the marine corps was governed by the law regulating enlistment in the navy, construed the law to mean that only minors under the age of 18 years might be enlisted in the navy with the consent of their parents, and that a minor over 18 years of age could not be enlisted without such consent. That decision was rendered with reference to the law of June 12, 1858. But, as we have seen, Congress, by the act of March 3, 1899, materially changed the law. The decision in Ex parte Houghton takes no note of that change in the law. The question was before the Circuit Court of Appeals for the Fourth circuit in Thomas v. Winne, 122 Fed. 395, 58 C. C. A. 613. In that case, in a carefully considered opinion, it was held that, under the act of March 3, 1899, a minor between the ages of 18 and 21 might enlist without the consent of parents or guardian, since he is included in the term "other persons." The

same was held by Judge De Haven in Re Norton (C. C.) 98 Fed 606.

But was the appellee enlisted in the navy of the United States? In the case of In re Doyle (D. C.) 18 Fed. 369, decided in 1883, Judge Brown of the Southern District of New York held that the marine corps is part of the United States naval service, in which minors over 18 years of age may be enlisted without the consent of their parents or guardians. This conclusion was reached upon consideration of the various acts of Congress making appropriations, in which the marines are frequently referred to as part of the naval service, and are at times described as marines "in the United States navy," the fact that in the revision of the statutes the marine corps is provided for in chapter 9 of title 15, which is entitled "The Navy," while "The Army" is the subject of another title, and the fact that by section 1621 of the Revised Statutes [U. S. Comp. St. 1901, p. 1099], it is provided that "the marine corps shall at all times be subject to the laws and regulations established for the government of the navy, except when detached for service with the army by order of the President." And the learned judge quoted the language of the court in Wilkes v. Dinsman, 7 How. 89, 124, 12 L. Ed. 618, where it was said:

"Though marines are not in some senses seamen, and their duties are in some respects different, yet they are, while employed on board public vessels, persons in the naval service, persons subject to the orders of naval officers, persons under the government of the naval code as to punishment, and persons amenable to the Navy Department. Their very name of 'marines' indicates the place and nature of their duties generally. And, beside the analogies of their duties in other countries, their first creation here to serve on board ships expressly declared them to be a part of the crews of each of said ships. Act March 27, 1794, c. 12, § 4, 1 Stat. 350. Their pay was also to be fixed in the same way as that of the seamen."

Simultaneously with the decision in Re Doyle, the Supreme Court of the District of Columbia, In re Shugrue, 3 Mackey, 324, in a well-reasoned opinion, held that persons enlisted in the marine corps are not enlisted in the navy, and that sections 1418 and 1419 [U. S. Comp. St. 1901, p. 1007] do not of their own operation cover enlistments in the marine corps. That decision, in our opinion, presents the true construction of the law. The statutes of the United States refer in separate provisions to enlistment in the army, the navy, and the marine corps. In respect to enlistments in the army and the navy, the qualifications of those who may be enlisted are definitely prescribed. In respect to qualifications for enlistment in the marine corps, the statute is silent. Section 1608 prescribes that the term of enlistment in the marine corps shall be five years. This was subsequently amended by Act March 3, 1901, c. 852, 31 Stat. 1132 [U. S. Comp. St. 1901, p. 1095] to four years. Section 1609 [U. S. Comp. St. 1901, p. 1096] provides that the oath of officers and enlisted men in the marine corps shall be the same as that provided by law for officers and enlisted men in the army. By section 1621 it is provided that the marine corps shall at all times be subject to the laws and regulations established for the government of the navy, except when detached for service with the army by order

of the President. This and other provisions of the statutes tend to show that the marine corps, while not strictly a part of the navy, so as to be within the scope of the statutes regulating enlistment in the navy, is primarily placed under the government and control of the Secretary of the Navy. That officer has and exercises the authority to prescribe regulations for enlistment in the marine corps not inconsistent with the statutes of the United States. He has executed that power by prescribing in the published regulations of the Department of the Navy that "the regulations for the recruiting service of the army shall be applied to the recruiting service of the marine corps, as far as practicable." In the regulations for the army, issued and published by the Secretary of War of date September 15, 1904, we find that section 856 thereof prescribes:

"Any male citizen of the United States, or person who has legally declared his intention to become a citizen, if above the age of twenty-one and under the age of thirty-five years, * * * may be enlisted under the restrictions contained in this article."

The appellee was enlisted under these regulations and in response to a posted notice which called for men who possessed the qualifications enumerated in said section 856 of the Army Regulations. He did not possess one of those essential qualifications, and we think there was no lawful authority for his enlistment.

The judgment is affirmed.