---

Ex parte LISK.

(District Court, E. D. Virginia. April 7, 1906.)

1. ARMY AND NAVY—ENLISTMENT—MINORS.

Rev. St. § 1418, as amended by Act Cong. March 3, 1899, c. 413, § 16, 30 Stat. 1008 [U. S. Comp. St. 1901, p. 1007], provides that boys between 14 and 18 years of age may be enlisted to serve in the navy until they arrive at the age of 21, while other persons may be enlisted for a term not exceeding four years. Section 1419 [U. S. Comp. St. 1901, p. 1007] declares that persons between 14 and 18 shall not be enlisted without the consent of their parents or guardians, and section 1420 [U. S. Comp. St. 1901, p. 1008] declares that no minor under the age of 14 shall be enlisted. *Held,* that a boy between 14 and 18 could not be enlisted under any circumstances without the consent of his parents or guardian.

[Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Army and Navy, §§ 45–50.]

2. SAME—OFFENSES—FRAUDULENT ENLISTMENT—COURT-MARTIAL.

Rev. St. § 1624, art. 22 [U. S. Comp. St. 1901, p. 1112], declares that all offenses committed by persons "belonging to the navy," not specified in the foregoing articles, shall be punishable as a court-martial shall direct; and Act March 3, 1893, c. 212, 27 Stat. 716 [U. S. Comp. St. 1901, p. 1006], provides for punishment for false enlistment in the navy by court-martial. *Held,* that where an infant not eligible to enlistment in the navy enlisted

without the consent of his parents or guardian, he was not "a person belonging to the navy," and was not punishable as for fraudulent enlistment under such act.

3. HABEAS CORPUS—POSSESSION OF MINOR—OFFENSES.

In a habeas corpus proceeding to recover possession of a minor under 18 years of age, who had enlisted in the navy without the consent of his parents or guardian, it was no answer to the writ that the naval authorities were entitled to retain the custody of the minor for the purpose of having him tried by a naval court-martial for fraudulent enlistment.

Barron & Shackleford, for petitioner.

L. L. Lewis, U. S. Atty., and Robert H. Talley, Asst. U. S. Atty.

WADDILL, District Judge. This is a petition of Jeremiah Lisk, Jr., for a writ of habeas corpus, setting forth that his son Edward Upton Lisk, a youth under the age of 18 years, enlisted in the United States navy, without the consent of his parent and guardian, and is now unlawfully restrained of his liberty by Albert C. Dillingham, Commander United States Navy, on the United States receiving ship Franklin, lying in the waters of the Elizabeth river, in the Eastern district of Virginia; and praying that his said son be discharged by the court from such custody. The petition was duly sworn to by the father; and the respondent in his return, sets up the enlistment of said Edward Upton Lisk on the 10th day of February, 1906, under the assumed name of Edward Smith (Smith being the maiden name of his mother), upon representing himself as of the age of 19 years and 7 months; that the said Edward Upton Lisk, alias Edward Smith, is held under and by virtue of such enlistment, which was a fraudulent enlistment, assuming the facts set forth in the petition to be true. Upon the return of this writ, no evidence was offered by the government, and the evidence adduced by the petitioner established that the said Edward Smith was Edward Upton Lisk, and the son of the petitioner; that he was under the age of 18 years at the time he entered the navy, and was so entered without the knowledge or consent of his parents. These being the undisputed facts of the case, the government insisted that the said Lisk should not be released upon habeas corpus, but held for court-martial under the laws, rules, and regulations governing fraudulent enlistment in the navy. This presents for the consideration of the court, the meaning of section 1418, Rev. St., as amended by act of Congress of March 3, 1899, c. 413, § 16, 30 Stat. 1008 [U. S. Comp. St. 1901, p. 1007] and sections 1419 and 1420 of the Revised Statutes of the United States [U. S. Comp. St. 1901, pp. 1007, 1008] respecting the eligibility of persons to enter the navy, which are as follows:

"Sec. 1418. Boys between the ages of fourteen and eighteen years may be enlisted to serve in the navy until they shall arrive at the age of twenty-one years; other persons may be enlisted to serve for a period not exceeding five years [under amendment above referred to, four years], unless sooner discharged by direction of the President.

"Sec. 1419. Minors between the ages of fourteen and eighteen years shall not be enlisted for the naval service without the consent of their parents or guardians.

"Sec. 1420. No minor under the age of fourteen years, no insane or intoxi-

cated person, and no deserter from the naval or military service of the United States shall be enlisted in the naval service."

And, also, article 22 of section 1624 of the Revised Statutes [U. S. Comp. St. 1901, p. 1112]:

"Art. 22. All offenses committed by persons belonging to the navy which are not specified in the foregoing articles shall be punishable as a court-martial may direct."

And the act of Congress of March 3, 1893, c. 212, 27 Stat. 716 [U. S. Comp. St. 1901, p. 1006], so far as it provides for punishment for false enlistment in the navy by court-martial, which is as follows:

"And fraudulent enlistment, and the receipt of any pay or allowance thereunder, is hereby declared an offense against naval discipline, and made punishable by general court-martial, under article 22 of the articles for the goverment of the navy: but this provision shall not take effect until sixty [60] days after the passage of this act."

The first three sections above referred to, have recently been under review by the Circuit Court of, Appeals of this circuit, in the Case of Thomas, Commanding Officer, v. Joseph Winne, father of Chester A. Winne, 122 Fed. 395, 58 C. C. A. 613, in which it was held, reversing the rule in existence, theretofore, based upon an early decision of Mr. Justice Blatchford in Re McLave, Fed. Cas. No. 8,876, that the age limit for enlistment without the consent of parents or guardians was 18 years instead of 21 years of age. Under the law as settled by that decision, certainly in the courts of this district, boys between the ages of 14 and 18 can only be enlisted in the navy with the consent of their parents or guardians. This would seem to be the clear meaning of the section referred to. Section 1420 in terms provides that no minor under the age of 14 years, shall be enlisted, etc.; and section 1418, that boys between the ages of 14 and 18 may be enlisted to serve in the navy until they arrive at the age of 21 years; while other persons may be enlisted for a term not exceeding four years; and section 1419 in express terms prescribes that minors between the ages of 14 and 18 years shall not be enlisted without the consent of their parents or guardians.

The said Edward Upton Lisk being under the age of 18 years, was therefore not eligible to enlistment in the navy, without the consent of his parent or guardian; and having confessedly entered without such consent, he must be held to be unlawfully enlisted, and improperly in the navy. This leaves for determination, the meaning of the sections above quoted respecting trials by court-martial of persons belonging to the navy; what effect is to be given to them; and whether they apply to this case.

No authority has been offered by the government in support of its contention that these sections apply to the case of a minor unlawfully enlisted in the naval service; and after a careful consideration of the same, the conclusion reached by the court is that they do not apply, and should not serve to cause the detention of said Edward Upton Lisk for trial by court-martial, under the law and the rules and regulations aforesaid. Section 1624 in terms provides for the punishment of an offense committed by a person "belonging to the navy"; and

while it is true the act of Congress of March 3, 1893, c. 212, 27 Stat. 716 [U. S. Comp. St. 1901, p. 1006], provides that a fraudulent enlistment, and the receipt of any pay or allowance thereunder, is an offense against naval discipline, and punishable by general court-martial under article 22 of section 1624 aforesaid; still, an infant not eligible to enlistment in the navy, but who enters therein without the consent of his parents or guardian, cannot be said to be a person "belonging to the navy"; nor can such infant be said to be a person liable for what may be declared by naval rules and regulations, to be an offense against naval discipline. This proceeding is instituted by the father of a child, praying at the hands of the courts of the country, the benefit of the prerogative writ of habeas corpus, for the release of his infant son alleged to be unlawfully detained, and his return to him; and it will not answer for those confessedly in unlawful custody of the child, to respond that he placed himself under their control; and hence that they have the right to hold him as against his father. Such an answer would in effect be a denial of all right in the father to the possession of the child. Nor can the naval authorities hold him with a view of having him tried by a naval court-martial for fraudulent enlistment, when the real issue involved is his legal right to enter the navy, and whether he is lawfully therein or not. This result seems clear and inevitable to the court, and makes operative all the legislation of Congress on the subject. To sustain the government's contention would be to give effect alone to portions of the legislation of Congress respecting offenses committed by persons seeking to fraudulently enlist in the navy, and indirectly by such interpretation cause the latter act to repeal those fixing the age limit for enlistment therein; and, moreover, would result in the suspension of the writ of habeas corpus in time of peace, and place the government in the position of colluding with boys under 18 years of age, to enable them to avoid parental care, custody, and control; none of which things Congress ever intended to bring about.

It follows from what has been said, that the infant, Edward Upton Lisk, alias Edward Smith, will be discharged from the custody of the said Dillingham, captain of the United States receiving ship Franklin.